IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-118 (4) |
| | § | C.A. No. C-04-540 |
| LUIS ERASMO TREVINO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS,
DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
AND DENYING CERTIFICATE OF APPEALABILITY**

On October 26, 2004, the Clerk received from Movant Luis Erasmo Trevino

("Trevino") a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (D.E. 74).[1] On

January 4, 2005, the government filed its response and motion to dismiss. (D.E. 104). It

supplemented its answer with an affidavit of Trevino's attorney on January 24, 2005. (D.E.

108). As discussed herein, Trevino validly waived his right to file the claims in his § 2255

motion. Because the Court finds the waiver to be valid and enforceable, the government's

motion to dismiss is GRANTED and Trevino's § 2255 motion is DISMISSED WITH

PREJUDICE.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

---

[1]     Docket entry references are to the criminal case, C-03-118.

## II.  FACTS AND PROCEEDINGS

On April 17, 2003, Trevino was charged in a one-count indictment with one count of knowingly and intentionally conspiring to possess with intent to distribute approximately 309 kilograms of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (D.E. 1).  On July 29, 2003, Trevino pleaded guilty to count one, pursuant to a written plea agreement.  (D.E. 46, 47).  In exchange for his guilty plea to count one and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive a three-level reduction for acceptance of responsibility,[2] and to recommend a sentence at the low end of the applicable guideline range. (D.E. 47).

The plea agreement contained a voluntary waiver of Trevino's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her

---

[2]    At the rearraignment, the parties informed the Court that the government agreed to recommend a two-level adjustment for acceptance of responsibility, although the written plea agreement specified a three-level adjustment.  (D.E. 102, Rearraignment Transcript ("R. Tr.") at 20-21).  At sentencing, however, the Court adopted the Presentence Investigation Report ("PSR"), except for the recommendation of an enhancement based on use of a weapon, and the PSR gave Trevino a three-level reduction for acceptance of responsibility. (PSR ¶ 26).

> conviction or sentence by means of any post-conviction proceeding.

(D.E. 47 at ¶ 8)(emphasis in original). The agreement is signed by Trevino and he testified at his rearraignment that he signed it, that it was his agreement, and that he read it and discussed it with his attorney. (D.E. 102, Rearraignment Transcript ("R. Tr.") at 20-22).

The Court questioned Trevino under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion: In emphasizing the waiver of Trevino's appellate rights and § 2255 rights, the Court instructed:

> **THE COURT:** The agreement that you have reached is an agreement with the United States Attorney's Office for a recommended sentence under certain circumstances. I don't have to accept the recommendations made to me and if I don't you can't take back your plea of guilty.
>
> In addition to that, you have agreed to waive your right to appeal the decisions that the Court would make concerning your guidelines and concerning your sentence, and you have given up your right to challenge the conviction and sentence of the Court later by filing a Title 8 -- Title 28, United States Code, Section 2255 petition to modify your sentence and revoke your conviction. Do you understand that?
>
> **DEFENDANT TREVINO:** I do, Your Honor.

(R. Tr. at 22). It is clear from the foregoing that Trevino's waiver was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N)(obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

3

The Court sentenced Trevino on October 28, 2003 to 60 months in the custody of the Bureau of Prisons, to be followed by a four-year term of supervised release, and imposed a $100 special assessment.  (D.E. 63, 65).  Judgment of conviction and sentence was entered October 29, 2003. (D.E. 65).  Consistent with his waiver of appellate rights, Trevino did not appeal.  His § 2255 motion was received by the Clerk of this Court on October 26, 2004. (D.E. 74).  It is timely.

### III.  MOVANT'S ALLEGATIONS

In his motion, Trevino asserts three grounds for relief.  His first claim is that he was denied effective assistance of counsel based on several alleged errors by his counsel.  Specifically, he argues that his counsel induced him to plead guilty by advising him that he would be sentenced within the range of 33 to 41 months, and that he would receive a reduction for having a "minimal role" in the offense, pursuant to U.S.S.G. § 3B1.2.  He further argues that his counsel was ineffective at sentencing because counsel failed to seek and obtain a minimal role reduction, failed to argue that the 60-month sentence imposed is above the statutory maximum, and failed to argue against a gun enhancement that Trevino "almost received," but which the Court did not apply.

In his second ground for relief, he relies on the Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) to  argue that his Sixth Amendment rights were violated because the Court declined to give

4

him a "minimal role" reduction based on facts not found by a jury beyond a reasonable doubt.

In his third ground for relief, he states simply that he "should have been sentenced within a Guideline of not less than 33 months nor more than 41 months." (D.E. 74 at 6). The Court interprets this claim as one that the Court erred in its application of the Guidelines.

## IV.  DISCUSSION

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982).

The Court need not address whether Trevino has procedurally defaulted his claims by failing to appeal.  Rather, the Court concludes that he waived his right to file most of the

claims in his § 2255 motion, see infra Section D, and thus it does not reach the merits of those claims.  United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994)(enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744, (5th Cir. 2005)(enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).  One of his claims, however, survives the waiver, i.e., his claim that his counsel was ineffective for inducing him to plead guilty.  This  claim falls outside the scope of the waiver, because it is a direct challenge to the validity of the plea and the waiver.  See, e.g., United States v. White, 307 F.3d 336, 343-44 (5th Cir. 2002)(an ineffective assistance claim survives a waiver "only when the claimed assistance directly affected the validity of that waiver or the plea itself").  Thus, the Court turns first to this claim.[3]

## B.  Ineffective Assistance of Counsel As to Plea

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of

---

[3]        The merits of this claim present a threshold issue, because if the Court were to determine that the plea was involuntary and void, the waiver likewise would be unenforceable, and his other claims would have to be addressed on their merits.  The Court concludes herein, however, that Trevino's plea was voluntary. Thus, the waiver of his § 2255 rights is valid and enforceable as to his other claims.

what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence.  United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).        If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

As noted, Trevino argues that his guilty plea was not knowing and voluntary because his counsel made misrepresentations regarding the sentence he would likely receive. Specifically, he alleges that his counsel induced him to plead guilty by telling him that he would be sentenced within a range of 33 to 41 months and that he would receive a reduction in his sentence based on his role in the offense.

As an initial matter, even if it were true that his attorney had told him he would likely receive a sentence between 33 and 41 months, it is well established in this Circuit that an attorney's erroneous prediction as to what sentence a defendant will receive does not render a guilty plea "unknowing" or "involuntary."  United States v. Santa Lucia, 991 F.2d 179, 180 (5th Cir. 1993); Daniel v. Cockrell, 283 F.3d 697, 703-704 (5th Cir. 2002) (collecting cases).

Moreover, any contention that he was advised he would receive a sentence of 33 to 41 months is flatly contradicted by his own testimony at his rearraignment.[4]  Specifically, Trevino testified in open court at his rearraignment that he had enough time to discuss his case with his attorney, that he was satisfied with his attorney's services, that he was a good attorney, that his attorney had responded to his questions and answered them. (R. Tr. at pp. 8-9).  Trevino was made aware of the charge against him and testified that he understood it.  (R. Tr. at 14-16).  The court explained in great detail to Trevino that he had a right to a jury trial.  (R. Tr. at 10-14).  The Court extensively questioned Trevino to ensure that he understood the nature of the crime to which he was pleading, and that his plea was voluntary. (R. Tr. at 14-16).

The Court also explained the maximum punishment that Trevino might receive, which was a maximum term of imprisonment of forty years, and also explained that he was subject to a statutory minimum sentence of five years.  (R. Tr. at 16-17, 18-19).  Trevino testified

---

[4]    His claim is also flatly contradicted by the affidavit of his counsel, Charles Cecil Starcher, who avers:

> I never advised Mr. Trevino that he would receive a sentence within the range of 33 to 41 months.  I always advised him that he would receive a minimum sentence of 60 months if the government did not move for a 5K1 downward departure.  Additionally, I did advise him of a possible "minimal role" adjustment.  However, from past experience the transporters of drugs rarely get a "minimal role" adjustment.  I did advise Mr. Trevino of this, however, it would not have made a difference in his sentence.  The sentence still would have been 60 months.

(D.E. 108, Starcher Affidavit).  The Court need not resolve any factual dispute over what Starcher told Trevino. Rather, the Court assumes herein that Starcher advised Trevino that he would likely receive a sentence between 33 and 41 months.  Even under that factual scenario, however, Trevino is not entitled to relief for the reasons set forth in this Order.

that no one had threatened him or coerced him to plea guilty, that no one had promised him leniency, and that no one had promised him what his sentence would be. (R. Tr. at 19-20, 22).

Thus, at the time that he pleaded guilty, the Court properly and fully assured itself that Trevino's plea was knowing and voluntary, as a trial judge is required to do. See James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995); Taylor v. Whitley, 933 F.2d 325, 329 (5th Cir. 1991), cert. denied, 112 S. Ct. 1678 (1992) (defendant must have a full understanding of what the plea connotes and of its consequences).

Trevino's sworn statements in open court are entitled to a strong presumption of truthfulness. United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002). In his statements, Trevino stated both that no one had promised him any sentence, and that he understood only the Court could determine his sentence. His sworn statements also reflect that he was informed about the statutory minimum sentence applicable to his offense, which was exactly the sentence he received.[5]

---

[5]     Because of his criminal history, Trevino was not eligible for relief under the so-called "safety valve" provision. (D.E. 103, Sentencing Transcript ("S. Tr.") at 31-32). The safety valve allows the court to sentence certain defendants without regard to the statutory minimum. U.S.S.G. § 5C1.2. It is the defendant's burden to prove all of the facts supporting the safety valve reduction. United States v. Flanagan, 80 F.3d 143, 146-47 (5th Cir. 1996). A defendant does not qualify for the safety valve, however, if he has more than 1 criminal history point.18 U.S.C. § 3553(f)(1).

Those sworn statements preclude the relief he seeks here, because they contradict any assertion that he was misled about his sentence or promised any specific sentence.[6]

Additionally, a defendant suffers no prejudice due to receiving misinformation from his attorney where the plea colloquy reflects that the district court corrected any such misinformation.  See Lott v. Hargett, 80 F.3d 161, 167-68 (5th Cir. 1996).  Thus, even if Trevino's allegations concerning misstatements by his attorney were true, it is clear that any misinformation Trevino received from his attorney regarding his sentence was corrected by this Court prior to its acceptance of his guilty plea.

In short, it is clear that Trevino cannot show that he would have insisted on going to trial but for counsel's performance, despite his bare allegations now to the contrary.  Thus, Trevino cannot prove the prejudice prong of the Strickland inquiry, and it is unnecessary to determine whether his counsel's performance on this issue was deficient.

For the foregoing reasons, the Court finds that Trevino's guilty plea was both knowing and voluntary, and therefore his waiver of his § 2255 rights is enforceable and bars

---

[6]     Trevino's motion does not appear to be claiming that Starcher "promised" him he would receive a sentence between 33 and 41 years, but rather that his counsel advised him that was the likely sentence he would receive.  In any event, Trevino could proceed on a claim that he was promised a specific sentence, in the face of his inconsistent statements under oath, only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).  Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110.  A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party.  Id.  Trevino has not presented any evidence showing the merit of his allegations, and thus would be unable to obtain relief even under the Cervantes exception.

the remainder of his claims.  The effect of the waiver is discussed more fully in the subsequent section.

## C.   Waiver of § 2255 Rights

It is clear from the rearraignment transcript that Trevino understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required. (R. Tr. at 22). See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Again, his statements under oath are entitled to a strong presumption of truthfulness.  Lampaziane, 251 F.3d at 524; Wilkes, 20 F.3d at 653; United States v. Cothran, 302 F.3d at 283-84 (5th Cir. 2002).  Those statements support a finding that his wavier was knowing and voluntary. Thus, with the sole exception of his ineffective assistance claim as to his plea,  which is denied on the merits, Trevino's claims fall within the scope of that waiver.  Thus, his remaining claims are not properly before the Court.  See generally Wilkes, supra; White, supra.

## D.   **Booker** Claim

The Court also notes that Trevino's claim under Blakely, 124 S. Ct. 2531, which was extended to the federal guidelines in United States v. Booker 125 S. Ct. 738 (2005), is subject to his waiver, despite the fact that he signed the waiver prior to those cases being decided.  The Fifth Circuit has clearly held that "Blakely and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements."  McKinney, 406 F.3d at

11

746-47 & n.5 (5th Cir. Apr. 15, 2005); <u>see also</u>, <u>e.g.</u>, <u>United States v. Killgo</u>, 397 F.3d 628, n.2 (8th Cir. 2005)(enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the <u>Blakely</u> or <u>Booker</u> rulings does not place the issue outside the scope of his waiver"); <u>United States v. Rubbo</u>, 396 F.3d 1330, 1335 (11th Cir. 2005)(upholding waiver of appeal rights signed prior to <u>Blakely</u> in case raising <u>Booker</u> claim); <u>United States v. Bradley</u>, 400 F.3d 459, 465-66 (6th Cir. 2005)(enforcing defendant's waiver of appeal signed prior to <u>Booker</u> as barring his <u>Booker</u> claim and collecting federal circuit court authority in agreement).

Moreover, even if he had not waived his right to file a § 2255 motion, Trevino would not be entitled to relief under <u>Booker</u> because <u>Booker</u> is not retroactively applicable on collateral review.  Although the Fifth Circuit has not yet addressed whether <u>Booker</u> applies retroactively on initial collateral review, it recently held that the Supreme Court has not made <u>Booker</u> retroactive, for purposes of allowing second or successive petitions under 28 U.S.C. § 2255. <u>In re Elwood</u>, __ F.3d __, 2005 WL 976998 (5th Cir. April 28, 2005).  The Second, Sixth, Seventh, and Eleventh Circuits have all addressed the retroactivity of <u>Booker</u> on initial collateral review, however, and have concluded that <u>Booker</u> does not apply retroactively.  <u>See</u> <u>McReynolds v. United States</u>, 397 F.3d 479 (7th Cir. 2005)(concluding that <u>Booker</u> states a new non-watershed procedural rule and does not apply retroactively to criminal cases final before its release); <u>United States v. Humphress</u>,

398 F.3d 855 (6th Cir. 2005)(same); Varela v. United States, 400 F. 3d. 864 (11th Cir. 2005)(same); Guzman v. United States, 404 F.3d 139 (2d Cir. 2005)(same).

Similarly, in a post-Booker decision, the Tenth Circuit rejected a § 2255 movant's argument that Blakely applies retroactively.  United States v. Price, 400 F.3d 844 (10th Cir. 2005).  In so doing, the Price court utilized reasoning which would be equally applicable to Booker.  See generally id.[7]

The Court agrees with the reasoning and conclusions set forth in the foregoing cases and thus holds that Booker is not retroactive to cases on collateral review.  Because Trevino's  conviction became final prior to January 12, 2005, he is not entitled to relief under Booker.

## E.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253 (c)(1)(A).  Although Trevino has not yet filed a notice of appeal, this Court nonetheless addresses the determination of whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(it is appropriate for district court to address *sua sponte* issue of whether a COA should be granted or denied).

---

[7]     Notably, this Court has been unable to locate any federal decision, from either district courts or circuit courts of appeal, holding that Booker is retroactive.

13

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims  debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Trevino's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 123 S. Ct. at 1034 (citing Slack, 529 U.S. at 484, 120 S. Ct. at 1604). Similarly, as to those claims that this Court has addressed

14

solely on procedural grounds, the Court finds that Trevino cannot establish either of the Slack criteria. That is, jurists of reasons would not debate whether he has stated a valid claim of the denial of a constitutional right, nor would they find this Court's procedural rulings debatable. Accordingly, Trevino is not entitled to a COA as to his claims.

## V. CONCLUSION

For the foregoing reasons, the government's motion to dismiss (D.E. 104) is GRANTED, and Trevino's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 (D.E. 74) is DISMISSED WITH PREJUDICE. Additionally, Trevino is DENIED a Certificate of Appealability.

ORDERED this 11th day of June, 2005.

HAYDEN HEAD
CHIEF JUDGE

15