IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | Cr. No. C-03-118 (4) |
| | § | |
| LUIS ERASMO TREVINO. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
LETTER MOTION TO RECONSIDER OR REDUCE SENTENCE**

On February 12, 2009, the Court held revocation proceedings and revoked Trevino's supervised release term, sentencing him to 18 months in the custody of the Bureau of Prisons, to be followed by a three-year period of supervised release. (D.E. 152.) The judgment of revocation was signed on February 16, 2009, and entered on February 17, 2009. (D.E. 151.) On February 23, 2009, the Court received from Trevino a pro se letter motion, in which he asks the Court to reconsider his sentence and lower it.

**I.    Characterization of Letter**

As an initial matter, the Court must determine how to characterize Trevino's letter. Although his letter was filed within the time-frame for seeking an appeal,[1] nowhere does he reference an appeal. Additionally, his letter is clearly directed toward this Court and seeks relief only from this Court. He does reference, however, that he is writing the Court before the "ten days to respond" has lapsed.

---

[1] A criminal defendant must appeal not later than ten days after entry of judgment, excluding weekends and holidays. Fed. R. App. P. 4(b); Fed. R. App. 26(a). Judgment in this case was entered February 17, 2009, and his motion was received six days later, but is postmarked February 20, 2009. (D.E. 154.) Thus, if his letter is intended to request an appeal, it would be timely.

Based on the foregoing, it is unclear to the Court whether Trevino intended this to be a notice of appeal or not. At this time, then, the Court does not construe the document as a notice of appeal. See United States v. Cantwell, 470 F.3d 1087, 1088-89 (5th Cir. 2006) (noting that a motion evincing an intent to appeal filed within the time specified by Fed. R. App. P. 4 and containing the information required by Fed. R. App. P. 3 is effective as a notice of appeal); cf. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987) (noting that a document filed within the time period for appealing should be construed as a notice of appeal if it "clearly evinces the party's intent to appeal" and holding that a pleading where primary relief sought was reconsideration was insufficient to clearly evince an intent to appeal) (citations omitted).

Rather than construing Trevino's motion as a notice of appeal, then, the Court construes it as a motion to reconsider or reduce his sentence pursuant to 18 U.S.C. § 3582. If Trevino was attempting to appeal to the Fifth Circuit through his letter, he should notify the Court not later than ten days after entry of this Order.

## II.     Motion for Reduced Sentence

Having determined that Trevino's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in

§ 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the Court orally announced sentence); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Trevino fails to assert grounds for modification that fall into any of the categories above. Thus, this Court is without authority to reduce his sentence and his motion is DENIED.

### III.     Conclusion

Trevino's letter motion, received on February 23, 2009, is hereby construed as a motion to reduce sentence and is DENIED. If Trevino intended the letter to serve as a Notice of Appeal to the Fifth Circuit, he shall notify the Court not later than ten days after entry of this Order.

ORDERED this 4th day of March, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE